IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ATLAS CONTAINER CORP.,

   Plaintiff,

   v.                              CIVIL NO.: WDQ-12-0475

H. & W. CORRUGATED PARTS, INC.,

   Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Atlas Container Corporation ("Atlas") sued H. & W. Corrugated Parts, Inc. ("H. & W.") for breach of contract and related claims. For the following reasons, the Court will grant Atlas's unopposed motion for partial summary judgment.

I. Background[1]

Atlas is a Maryland corporation that designs, manufactures, and sells corrugated sheets and packaging products.[2] Its principal place of business is in Severn, Maryland. Compl. ¶ 1. H. & W. is a Virginia corporation with its principal place of business in Richmond, Virginia. Compl. ¶ 2.

---

[1] Had H. & W. submitted evidence in response to Atlas's motion for summary judgment, its evidence would have "be[en] believed, and all justifiable inferences [would have] be[en] drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] Chad Krewson Aff. ¶ 3. Chad Krewson is Atlas's chief financial officer. *See id.* ¶ 2.

From August through December 2011, Atlas sold and delivered several shipments of corrugated sheets and packaging products to H. & W. Krewson Aff. ¶ 7. Each shipment contained an invoice that provided a description of the products, the quantity, and price. *See, e.g., id.*, Ex. 1 at 1. The invoices stated that payment was due in 60 days and

> IF LEGAL ACTION IS REQUIRED FOR COLLECTION OF THIS INVOICE, THE BUYER IS RESPONSIBLE FOR ALL LEGAL EXPENSES INCURRED BY ATLAS[.]

*Id.* Each invoice further provided that a

> 1% PENALTY PER MONTH WILL BE CHARGED ($1.00 MINIMUM) TO YOUR ACCOUNT ON BALANCES OVER TERMS.

*Id.*

Invoices for August 5, 2011, and August 12, 2011 showed that H. & W. was owed credits of $362 and $123.69, respectively. *See* Krewson Aff. ¶ 15, Ex. 1 at 1-2. Invoices for October 11, 2011, through December 5, 2011, showed charges of $133,890.90.[3] H. & W. has not paid any of the invoices, despite Atlas's demand for payment. Krewson Aff. ¶ 15.

On February 15, 2012, Atlas sued for $133,405.24,[4] alleging

---

[3] Krewson Aff. ¶ 15, Ex. 1 at 3-27. The invoice charges ranged from $882.06 to $7607.50. *See id.*

[4] This amount purports to be the difference between (1) the total charges from the invoices for October 11 through December 5, 2011 ($133,890.90), and (2) the credits owed H. & W. on the August 5, and 12, 2011 invoices ($485.69). By the Court's calculation, the difference between these figures is three cents less than what Atlas seeks: $133,405.21.

breach of contract, unjust enrichment, sale of goods, and money due on an account stated between the parties. ECF No. 1. On February 24, 2012, Atlas moved for summary judgment on Count III (breach of contract).[5] On March 20, 2012, H. & W. was served with the complaint and motion for summary judgment.[6] H. & W. has not answered the complaint or opposed the motion for summary judgment; the time for doing so has passed.[7]

On June 11, 2012, the Court ordered Atlas to move for entry of default and default judgment, "or provide a report as to why such motions would be inappropriate." ECF No. 6. On July 10, 2012, Atlas urged the Court to grant its unopposed motion for summary judgment "rather than have [Atlas] move for default against [H. & W.]." ECF No. 7.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine

---

[5] The motion did not specify on which counts Atlas moved for summary judgment, see ECF No. 3, but the supporting memorandum of law stated that Atlas "move[d] for summary judgment . . . for breach of contract," see Mem. in Supp. of Mot. for Summ. J. 3.

[6] See Affidavit of Process Server, ECF No. 5. The complaint and motion were served on Fred J. Bernhardt, Jr., H. & W.'s registered agent. Id.

[7] A defendant must serve an answer within 21 days after service of the complaint. See Fed. R. Civ. P. 12(a). Opposition to a motion for summary judgment must be filed within 14 days after service of the motion. See Local Rule 105.2 (D. Md. 2011).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant," and draw all reasonable inferences in its favor, *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). Thus, the Court may not grant a motion for summary judgment, even if unopposed, without considering the

merits of the motion. *See id.*

B. Atlas's Motion

Atlas argues that it is entitled to summary judgment on its breach of contract claim because (1) it delivered products to H. & W., (2) H. & W. accepted the products but failed to pay, and (3) H. & W.'s "failure to pay the amounts due and owing under the contract is a material breach." Mem. in Supp. of Mot. Summ. J. 4. Atlas contends that the invoices "clearly state[] that [H. & W.] is liable to Atlas for all outstanding amounts due[,] in addition to late penalties." *Id.*

As a threshold matter, the Court must determine what state's law governs this diversity action.[8] Under Maryland choice of law principles,[9] the Court must "look[] to the place the contract was made."[10] "[A] contract is made where the last act necessary to make the contract binding occurs." *Konover*

---

[8] The Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332. Atlas is a citizen of Maryland, and H. & W. is a citizen of Virginia. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) ("a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.").

[9] A federal court exercising diversity jurisdiction must apply the choice of law principles of the state in which the federal court is located. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

[10] *Konover Prop. Trust, Inc. v. WHE Assocs., Inc.*, 790 A.2d 720, 729 (Md. Ct. Spec. App. 2002) (emphasis omitted).

*Prop. Trust, Inc.*, 790 A.2d at 728.

Atlas has not defined "the contract." *See* Mem. in Supp. of Mot. Summ. J. 4. Although Atlas argues that the invoices "clearly state[] that [H. & W.] is liable to Atlas," *see id.*, it has not explained whether the invoices are evidence of a contract that the parties executed in Maryland, or whether a contract was formed only after H. & W. accepted the products in Virginia.[11] Thus, it is unclear whether Virginia or Maryland law governs this dispute.

This uncertainty is immaterial, however, because both states have adopted the Uniform Commercial Code (the "UCC").[12] Under the UCC, "[a] contract for [the] sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."[13] "An agreement sufficient to constitute a contract

---

[11] Atlas assumes without explanation that Maryland law applies, and argues that an actionable breach occurs when a defendant fails "without legal excuse to perform any promise which forms the whole or part of a contract." *See* Mem. in Supp. of Mot. for Summ. J. 4 (*citing String v. Steven Dev. Corp.*, 307 A.2d 713, 719 (Md. 1973)).

[12] *See Wells, Waters & Gases, Inc. v. Prods. & Chems., Inc.*, 19 F.3d 157, 159-60 (4th Cir. 1994) (when a contract "predominantly involves the sale of goods, the Virginia version of the Uniform Commercial Code . . . applies"); *Lohman v. Wagner*, 862 A.2d 1042, 1047-48 (Md. Ct. Spec. App. 2004) (the Maryland version of the Uniform Commercial Code governs contracts for the sale of goods).

[13] Md. Code Ann., Com. Law. § 2-204(1); Va. Code Ann. § 8.2-

for sale may be found even though the moment of its making is undetermined."[14]

Under Maryland and Virginia law, a contract requires an unambiguous offer from one party and an acceptance by the other party.[15] Generally, "an order or other offer to buy goods" is "construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of . . . goods[.]"[16] "[I]f the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy," an enforceable contract exists.[17]

A contract for the sale of goods for the price of $500 is generally "not enforceable . . . unless there is some writing sufficient to indicate that a contract . . . has been made," and

---

204(1).

[14] Md. Code Ann., Com. Law. § 2-204(2); Va. Code Ann. § 8.2-204(2).

[15] *See Judicial Inquiry & Rev. Comm'n of Va. v. Elliott*, 630 S.E.2d 485, 496 (Va. 2006) ("when one party makes an offer that is clear, definite, and explicit, and leaves nothing open for negotiation, acceptance of that offer by the other party will complete the contract" under Virginia law); *Rios v. State*, 974 A.2d 366, 367 (Md. Ct. Spec. App. 2009) ("The creation of a contract [under Maryland law] requires, generally, that one party make an offer and that the offeree accept it."). Common law contract principles supplement the UCC. *See* Md. Code Ann., Com. Law, §1-103; Va. Code Ann. § 8.1A-103.

[16] Md. Code Ann., Com. Law. § 2-206; Va. Code Ann. § 8.2-206.

[17] *See* Md. Code Ann., Com. Law. § 2-204(3); Va. Code Ann. § 8.2-204(3).

the writing is "signed by the party against whom enforcement is sought."[18] Without such a writing, the contract is enforceable "[w]ith respect to goods . . . which have been received and accepted."[19] A buyer accepts goods when it "fails to make an effective rejection" after "a reasonable opportunity to inspect" the goods, or "does any act inconsistent with the seller's ownership."[20] "The buyer must pay at the contract rate for any goods accepted."[21]

To establish a breach of contract under Maryland or Virginia law, a plaintiff must prove (1) the existence of a legally enforceable obligation of the defendant to the plaintiff, and (2) a breach of that obligation.[22]

When a breach has occurred, the injured party is entitled to recover the amount of damages necessary to place the party in the position it would have occupied had the contract been

---

[18] Md. Code Ann., Com. Law, § 2-201(1); Va. Code Ann. § 8.2-201(1).

[19] Md. Code Ann., Com. Law, § 2-201(3); Va. Code Ann. § 8.2-201(3).

[20] Md. Code Ann., Com. Law, § 2-606; Va. Code Ann. § 8.2-606.

[21] Md. Code Ann., Com. Law, § 2-607(1); Va. Code Ann. § 8.2-607(1).

[22] See RRC Ne., LLC v. BAA Md., Inc., 994 A.2d 430, 442 (Md. 2010); Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 135 (Va. 2009).

properly performed.[23]  "When the buyer fails to pay the price as it becomes due[,] the seller may recover . . . the price of [the] goods accepted[.]"[24]  The injured party may also recover attorney fees if the contract so provides.[25]

The Court finds no genuine dispute that the parties entered into a contract for the sale of goods, regardless of whether Maryland or Virginia law applies.  Krewson swore that Atlas sold and delivered several shipments of products to H. & W. from August through December 2011.  See Krewson Aff. ¶ 7.  The invoices confirm that Atlas made several shipments to H. & W. during that time.  See id., Ex. 1.  Krewson swore that H. & W. accepted the goods, see Krewson Aff. ¶ 7, and H. & W. has presented no evidence to the contrary.  Thus, the record allows only one reasonable inference: the parties made a contract when H. & W. made an offer to buy goods, and Atlas accepted by shipping its products.[26]

The contract is enforceable under Maryland and Virginia law

---

[23] See Nichols Constr. Corp. v. Va. Machine Tool Co., LLC, 661 S.E.2d 467, 472 (Va. 2008); Kleban v. Eghrari-Sabet, 920 A.2d 606, 617 (Md. Ct. Spec. App. 2007).

[24] Md. Code Ann., Com. Law, § 2-709(1); Va. Code Ann. § 8.2-709(1).

[25] See Nova Research, Inc. v. Penske Truck Leasing Co., 952 A.2d 275, 281 (Md. 2008); Ulloa v. QSP, Inc., 624 S.E.2d 43, 49 (Va. 2006).

[26] See Md. Code Ann., Com. Law. § 2-206; Va. Code Ann. § 8.2-206; Elliott, 630 S.E.2d at 496; Rios, 974 A.2d at 367.

with respect to the goods that H. & W. accepted. The invoices--which provide a description of the products sold, the quantity and price, and the payment terms--provide a "reasonably certain basis for giving an appropriate remedy."[27] That Atlas has not presented a writing signed by H. & W. does not defeat its cause of action. Although the contract involves goods for the price of more than $500,[28] a signed writing is not required to hold H. & W. accountable for the goods that it accepted.[29] Atlas did not sue until February 15, 2012--75 days after the date of the last invoice. See Compl.; Krewson Aff., Ex. 1 at 27. This provided H. & W. a "reasonable opportunity to inspect" the goods and reject them; because it did not, H. & W. accepted the goods.[30]

The Court further finds no genuine dispute that H. & W. breached the contract under Maryland and Virginia law. By accepting the goods, H. & W. was obligated to pay for them "at the contract rate."[31] Krewson swore that H. & W. has paid nothing, despite demand for payment. Krewson Aff. ¶ 15.

---

[27] See Md. Code Ann., Com. Law. § 2-204(3); Va. Code Ann. § 8.2-204(3); e.g., Krewson Aff., Ex. 1 at 1.

[28] See supra note 3.

[29] See Md. Code Ann., Com. Law, § 2-201; Va. Code Ann. § 8.2-201.

[30] See Md. Code Ann., Com. Law, § 2-606,; Va. Code Ann. § 8.2-606.

[31] Md. Code Ann., Com. Law, § 2-607(1); Va. Code Ann. § 8.2-607(1).

Accordingly, H. & W. has breached its legally enforceable obligation to pay for the goods it accepted.[32]

Because the Court finds that H. & W. breached the contract, Atlas is entitled to recover the amount of damages necessary to place it in the position it would have occupied had the breach not occurred.[33] That amount includes the price of the goods that H. & W. accepted,[34] and Atlas's attorney fees in this action.[35] Thus, the Court will order Atlas to file, within 15 days, a brief in support of the total damages award it seeks. The brief should explain--and provide legal support--for the attorney fees Atlas requests, the reasonableness of those fees, and the basis and amount of any pre- and post-judgment interest Atlas seeks.[36]

III. Conclusion

For the reasons stated above, the Court will grant Atlas's

---

[32] See *RRC Ne., LLC*, 994 A.2d at 442; *Sunrise Continuing Care, LLC*, 671 S.E.2d at 135.

[33] See *Nichols Constr. Corp.*, 661 S.E.2d at 472; *Kleban v. Eghrari-Sabet*, 920 A.2d at 617.

[34] See Md. Code Ann., Com. Law, § 2-709(1); Va. Code Ann. § 8.2-709(1).

[35] See *Nova Research, Inc.*, 952 A.2d at 281; *Ulloa*, 624 S.E.2d at 49; Krewson Aff., Ex. 1.

[36] Although Atlas requested pre- and post-judgment interest in the motion for summary judgment, it did not explain what legal rate should apply and why. As stated above, the Court finds that H. & W. breached the contract, regardless of whether Maryland or Virginia law applies. Should the calculation of damages differ under Maryland and Virginia law, Atlas should explain which law governs and why.

unopposed motion for partial summary judgment.

_8/1/12_
Date

_/s/ William D. Quarles_
William D. Quarles, Jr.
United States District Judge